IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH JOHNSON,

               Plaintiff,

v.                              CIVIL ACTION NO.   2:22-cv-00507

ASTORG AUTO OF CHARLESTON INC., et al.,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants' Motion to Dismiss [ECF No. 11] and Plaintiff's Motion for Leave to Amend his Complaint [ECF No. 20]. This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of Proposed Findings and Recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has submitted findings of fact and recommended that the court grant Defendants' motion, deny Plaintiff's motion, and remove this case from the docket. [ECF No. 38]. Plaintiff Keith Johnson subsequently filed objections to the PF&R. [ECF No. 39]. After reviewing *de novo* those portions of the PF&R to which Mr. Johnson has filed specific objections, the court finds them without merit and agrees with the magistrate judge's recommendation to dismiss this action for lack of subject matter jurisdiction. Accordingly, the court **ADOPTS** Judge Tinsley's PF&R [ECF No. 38].

## I.    Background

After a *de novo* review of those portions of Judge Tinsley's report to which objections were filed, the court ADOPTS the statement of facts and procedural history set forth in the PF&R. The detailed account provided by the magistrate judge therein requires only a brief summary here.

This action involves an August 13, 2021, Retail Installment Contract and Security Agreement (the "Security Agreement") between Plaintiff and Defendant Astorg Auto of Charleston, Inc. ("Astorg") for the purchase and financing of a 2021 Audi Q7 sport utility vehicle ("SUV"). [ECF No. 2-1]. That same date, Astorg assigned the Security Agreement to Defendant United Bank Inc. ("UBI"). [ECF No. 2, ¶ 6]. Plaintiff's November 7, 2022, Complaint sets forth five causes of action: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), (2) breach of fiduciary duty, (3) fraud in the inducement, (4) unjust enrichment, and (5) conversion of funds. [ECF No. 2].

Plaintiff asserts that his purchase of the SUV "resulted in fraud and misrepresentations under a repayment scheme" with UBI. *Id.* ¶ 6. He alleges that Astorg was his "fiduciary," that it "entered into a financial transaction adversely affecting" Plaintiff's interests, and that Astorg "utilized" Plaintiff's "financial resources" for Defendants' "personal profit with no significant benefit accruing to [Plaintiff]." *Id.* ¶¶ 12–13. Plaintiff further alleges that as a "material inducement" to enter into the Security Agreement, Astorg "made a series of representations and

warranties intended to mislead Plaintiff." *Id.* ¶ 14. As Judge Tinsley observed, "the Complaint makes no effort to identify or otherwise describe these 'representations and warranties,' nor to identify, explain, describe, or otherwise allege the manner in which Plaintiff was purportedly 'deceive[d] and mislead' by the Defendants." [ECF No. 38, at 4]. As an "example" of the misleading "representations and warranties" that Astorg allegedly made, Plaintiff asserts that "Astorg failed to disclose information that would and could convey marketable title to the property to the true beneficial owner, Keith Lyle who has an absolute birthright to real property and to physically control it." [ECF No. 2, ¶ 15]. The Complaint does not contain any further factual allegations to identify or explain what type of information Astorg allegedly did not disclose, nor what "real property" Plaintiff is referencing or its significance in relation to transaction at issue in this case.

Similarly, Plaintiff alleges that Defendants sent recurrent, "false statements in the mail" regarding "alleged amounts due" and "contact[ed] [Plaintiff] through the mail and telephone regarding the alleged debt," which he claims violated the FDCPA. *Id.* ¶¶ 18, 20. However, the Complaint lacks any further factual allegations to identify the content of the statements, correspondence, or phone calls, or to describe the manner on which these unidentified communications are alleged to have violated the FDCPA.

Plaintiff also seems to allege that Astorg's assignment of the Security Agreement to UBI constituted a "fraudulent transfer" that was allegedly made "to

3

hinder, delay or defraud" Plaintiff, without providing him "a reasonably equivalent value in exchange for the transfer or obligation," *id.* ¶ 24, to which Plaintiff apparently believes he was entitled. The Complaint does not further identify or otherwise explain what made the assignment fraudulent or how the assignment hindered, delayed, or defrauded Plaintiff.

On December 1, 2022, Defendants filed their Motion to Dismiss, seeking dismissal of all claims. [ECF No. 11]. Defendants argue that the Complaint "is in whole legally insufficient when analyzed under Rule 8 of the Federal Rules of Civil Procedure" and, alternatively, that Plaintiff's claims are barred by the "claim splitting doctrine" because he was required to bring them as compulsory counterclaims in pending litigation that predates the instant matter.[1] *Id.* at 1.

On December 14, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint. [ECF No. 20]. Judge Tinsley aptly noted that "[a]side from the title of the motion listed in the style of the document, Plaintiff's motion does not actually request leave to amend the Complaint, does not discuss what amendments to the original Complaint Plaintiff anticipated, does not proffer any additional facts in support of Plaintiff's motion, and does not respond to or otherwise mention the arguments raised in Defendants' Motion to Dismiss." [ECF No. 38, at 6–7]. On December 22, 2022,

---

[1] The doctrine of claim splitting "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 803 S.E.2d 519, 531 (W. Va. 2017) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)).

Defendants filed an Objection to Plaintiff's Motion for Leave to Amend, arguing that it should be denied as "futile and arguably made in bad faith." [ECF No. 24, at 2].

On January 11, 2023, Plaintiff filed an untimely Response to Defendants' Motion to Dismiss. [ECF No. 28]. Plaintiff seems to assert that Defendants' motion should be denied because they repossessed the subject SUV, which Plaintiff asserts was his "private property" that was taken "under extreme duress and threat of violence against Plaintiff's life, property, and liberties without just compensation, without expressed and/or written consent of Plaintiff." *Id.* at 3. Defendants filed an Objection to Plaintiff's Response, noting that it was both untimely and "deficient and insufficient as it d[id] not address any of Defendants' Motion to Dismiss arguments." [ECF No. 29, at 2].

The parties' motions have been fully briefed and are ripe for adjudication.

## II.    Legal Standards

### A.  Magistrate Judge's Recommendations

When a magistrate judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the magistrate judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party fails to object to a portion of the magistrate judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The district court reviews *de novo* only "those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). "Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of *de novo* review. *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 475 (W.D.N.C. 1997).

## B. Motion to Dismiss

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need not include "detailed factual allegations," but it must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* The district court must accept as true all factual allegations contained in the complaint, however, bare "labels and conclusions" or "formulaic recitation of the elements of a cause of action" are not enough. *Id.*

In resolving a motion to dismiss for failure to state a claim, the court may not consider "matters outside the pleadings." Fed. R. Civ. P. 12(d). The court may, however, consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (internal markings and citations omitted).

In the event of conflict between the allegations of the complaint and any attached or incorporated exhibit, "the district court should consider the nature of the document and why the plaintiff attached it." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations is proper." *Id.* "But in cases where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

7

### C. Motion for Leave to Amend

Unless a party amends its pleadings in accordance with the time requirements outlined in Rule 15(a), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rt.s Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

As Plaintiff is proceeding without counsel, any documents he files pro se are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle*, 429 U.S. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, a pro se plaintiff should be given an opportunity to develop a potentially viable claim. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); *see also Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (vacating dismissal on ground that "claims of legal substance should not be forfeited because of a failure to state them with technical precision," and

remanding for district court to "afford [petitioner] an opportunity to particularize his allegations").

Nevertheless, "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("[E]ven a solicitous examination of the allegations reveals little on which federal subject matter jurisdiction may be based.") (internal markings omitted). "The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or 'conjure up questions never squarely presented' to the court." *Randolph v. Balt. City States Att'y*, No. WDQ-14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)); *see also Weller*, 901 F.2d at 391 (affirming dismissal where the "complaint fail[ed] to allege anything that even remotely suggests a factual basis for the claim," and explaining that "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate").

### III.   Discussion

Magistrate Judge Tinsley recommended that I dismiss all five causes of action set forth in Mr. Johnson's Complaint. [ECF No. 38]. Judge Tinsley agreed with both

of Defendants' arguments for dismissal: first, that Plaintiff's claims are barred by the claim splitting doctrine, and second, that the Complaint fails to state any claim upon which relief may be granted. Judge Tinsley also examined the court's "jurisdiction over the subject matter set forth in Plaintiff's Complaint *sua sponte*," and found that jurisdiction is lacking. *Id.* at 11, 23–24.

Mr. Johnson submitted his objections to the PF&R. Although they are somewhat difficult to decipher, the court can discern several distinct objections. Only some, however, are sufficiently specific. Before turning to the specific objections, I will first briefly identify those that are too generalized to merit *de novo* review.

### A. General Objections

"Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized." *Midgette*, 478 F.3d at 621 (citing 28 U.S.C. § 636(b)(1)). Accordingly, the court will not review *de novo* Plaintiff's general objections: to all recommendations set forth in the Conclusion section of the PF&R, [ECF No. 39, at 2]; that the proposed findings and recommendations "failed to address crucial legal and factual issues" and "lack sufficient support for their conclusions," *id.* at 3; and that "[t]he proposed finding exhibited bias by consistently favoring Defendant's version of the events while dismissing conflicting arguments," *id.* at 4. Likewise, the court cannot address Plaintiff's vague references to "due process and fairness." *Id.* at 4.

10

### B. Specific Objections

Having discarded the general objections, I turn to the specific grounds on which Plaintiff objects to the magistrate judge's PF&R. Upon *de novo* review, I have determined that Plaintiff's objections wholly lack merit for the reasons explained below.

#### i. Lack of Discovery

Plaintiff objects that "granting a motion to dismiss before discovery . . . could prematurely close off the opportunity for the Plaintiff to access evidence that would support the Plaintiff's claim." *Id.* at 2–3. He asserts that "[t]he proposed finding exhibited bias by . . . denying discovery" and that "certain discovery that is crucial to the plaintiff's claims were denied without proper justification." *Id.* at 4–5.

First, to the extent that the denial of "certain discovery" refers to Judge Tinsley's denial of Plaintiff's premature Motion to Compel [ECF No. 35 (denying ECF No. 30)], that issue was not part of the PF&R. The court, therefore, liberally construes the objection to argue that a motion to dismiss "should not be used as a substitute for discovery, particularly in complex cases where facts may become clearer through the discovery process." [ECF No. 39, at 3 (citing *Hishon v. King & Spalding*, 467 U.S. 69 (1984))]. Although this objection encompasses the entire PF&R rather than specific portions, it is sufficiently particularized to focus the court's review and preserve the issue for appeal.

11

Nonetheless, this objection lacks merit. Plaintiff's argument fails to recognize that the deficiencies in his pleadings prevent the parties and the court from even determining the scope of discovery. Furthermore, Plaintiff's contention ignores that his claims were alternatively found barred by the claim splitting doctrine, which applies without regard for the merits of the claims or the need for discovery.

### ii. Denying Motion for Leave to Amend

Mr. Johnson next objects that "[d]enying the Plaintiff's motion to Amend the complaint" is "without proper justification." [ECF No. 39, at 2]. Although Plaintiff does not elaborate on this objection, the court is at least directed toward a particular conclusion.

Judge Tinsley determined that "dismissal of this civil action is proper because amendment would be futile under the circumstances." [ECF No. 38, at 22]. As noted in the PF&R, "the Court may deny leave to amend when 'the amendment would be futile,' such that 'it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss.'" *Id.* at 22–23 (quoting *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019)). The magistrate judge found that "Plaintiff's motion for leave to amend is patently frivolous, because it fails to set forth any factual or legal basis for filing an Amended Complaint." *Id.* (citing [ECF No. 20]). "Not only did Plaintiff fail to attach a proposed Amended Complaint, but his motion fails to address what amendments he intended to make to the Complaint, failed to proffer any additional facts in support of his

12

motion, failed to respond to, address, or otherwise mention the arguments raised in Defendants' Motion to Dismiss—and even failed to actually request leave to amend the Complaint aside from the title of the motion." *Id.*

After a thorough *de novo* review of the PF&R, as well as Plaintiff's Motion for Leave to Amend and the Complaint, I concur with Judge Tinsley's findings and recommendation. As an initial matter, "[o]nly two material facts may reasonably be gleaned from the Complaint: first, that Plaintiff contracted with Astorg for the purchase of the SUV pursuant to the August 13, 2021 Security Agreement attached to the Complaint, and second, that Astorg then made an assignment to UBI that same day. Every other substantive allegation is made up of mere labels and conclusions." *Id.* at 21. And as noted by the magistrate judge, the Motion for Leave to Amend "fails to address what amendments he intended to make to the Complaint" and "failed to proffer any additional facts." *Id.* at 23. Likewise, neither Plaintiff's Motion to Strike Defendants' Motion to Dismiss [ECF No. 22] nor his untimely Response [ECF No. 28] offers any new facts to form the basis of his claims. It is only in his objections to the PF&R that Plaintiff identifies the allegedly "incomplete and misleading information not properly disclosed[:] (1) misleading Finance Charges, (2) Inaccurate Annual Percentage Rate, (3) Unlawful Security Interest, and (4) the Right of Rescission." [ECF No. 39, at 7]. But an objection to the PF&R is not the proper vehicle to finally clarify the Complaint and, further, Plaintiff still fails to plead these alleged misrepresentations and omissions with the requisite particularity to sustain his

claims. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake.").

Moreover, Judge Tinsley recommended dismissal on multiple, alternative grounds, and I agree with those determinations. Even if Plaintiff were permitted to continue developing his claims, they would remain barred by the claim splitting doctrine due to pending litigation, as well as by this court's lack of subject matter jurisdiction. Accordingly, I cannot agree that the denying the Motion for Leave to Amend is "without proper justification." [ECF No. 39, at 2].

### iii. Reliance on Certain Evidence

Plaintiff next objects that "[t]he Proposed finding relied heavily on statements from a single affidavit and a copy of a disputed Retail Installment Contract, neglecting the absence of corroborating evidence." *Id.* at 5. He also argues that "Defendant[s] failed to provide proper documentation or evidence of debt ownership" and "did not prove that the alleged debt was owed or that the property was lawfully taken as collateral for the debt." *Id.* at 11. Plaintiff claims that "[t]he Best Evidence Rule requires that when the content of a document is in dispute the original document is the best evidence. Defendants failed to provide the original document." *Id.*

Aside from the ambiguities in these assertions, Plaintiff fails to recognize that Defendants were not under any burden to prove anything—other than to advise the court that the Complaint fails to state a viable claim. Likewise, these contentions

14

ignore that the PF&R relied chiefly upon the Complaint's deficiencies and merely bolstered its conclusions by looking to the Security Agreement and affidavit.

Notably, Plaintiff does not dispute Defendants' debt ownership. As creditors rather than debt collectors, Defendants are not subject to the FDCPA. *See Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016), *aff'd* 582 U.S. 79 (2017) (explaining that the FDCPA regulates debt collectors and plainly excludes creditors). And indeed, Defendants' debt ownership is expressly contemplated by the Complaint—as stated above, the only two material facts alleged are that Plaintiff and Astorg entered into the Security Agreement and that Astorg made an assignment to UBI—and even within the objection itself, [ECF No. 39, at 13 ("Defendants were assigned a debt.")].

For these reasons, Plaintiff's objections are without merit.

### C. Alternative Recommendations

As previously explained, the magistrate judge recommended dismissal of this case on multiple possible grounds: "for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6)" or "for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3)." [ECF No. 38, at 24]. Although I agree with the entirety of the PF&R, I adopt the latter recommendation and, therefore, do not reach the former.

Federal courts are courts of limited jurisdiction, meaning that they have the power to act solely in the areas authorized by Congress and the United States Constitution. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The

15

two bases for subject matter jurisdiction are federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332. The only form of subject matter jurisdiction alleged to exist in this case is federal question jurisdiction. [ECF No. 2, ¶ 1]. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1331. With the exception of the FDCPA claim, all of Plaintiff's claims arise under tort and contract law. "And while in general an FDCPA claim certainly does 'arise under' federal law, it does not confer jurisdiction in this civil action because, as discussed above, Plaintiff's FDCPA claim is frivolous." [ECF No. 38, at 23–24]. Because this court lacks subject matter jurisdiction, this case must be dismissed.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's claims are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction. Defendants' Motion to Dismiss [ECF No. 11] and Plaintiff's Motion for Leave to Amend [ECF No. 20] are **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      September 29, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

16